### SOLICITATION OF BRIBE BY COUNCILMAN.

[Circuit Court of Summit County.]

JEREMIAH AMUNDSON V. THE STATE OF OHIO.

Decided, April 17, 1906.

*Bribery—Section 6900, Applicable to Councilmen—Evidence Establishing a Case for the Jury—Defendant's Meaning by Certain Remarks—Words and Phrases—Criminal Law.*

1. The words "or other officer," as used in Section 6900 and having relation to the giving of bribes to public officers or agents, includes members of a city council.
2. Testimony to the effect that the defendant, a member of the city council, had said with reference to a proposed street improvement, that "some of the other members of council will have to be fixed up," and that it will take $1,400 to get the matter through, is sufficient to make a *prima facie* case of soliciting a bribe and to carry the case to the jury; and as to what the defendant meant by the words "taking care of other councilmen" was a question for the jury.

HENRY, J.; MARVIN, J., and WINCH, J., concur.

Error to the Court of Common Pleas of Summit County.

Plaintiff in error was convicted of soliciting a bribe in October, 1905, to influence his official action as a member of the council of the city of Akron in the matter of the North Arlington Street improvement, then pending before that body. The indictment was drawn under favor of Section 6900, Revised Statutes, which provides that—

"Whoever, being a member of the Legislature, or a state or other officer, or public trustee, or agent or employe of the state, or of such officer or trustee, either before or after his election, qualification, appointment or employment, solicits or accepts any such valuable or beneficial thing to influence him with respect to his official duty, or to influence his action, vote, opinion, or judgment, in any matter pending, or that might legally come before him, shall be imprisoned in the penitentiary not more than five years, or fined not more than five hundred dollars, or both."

The first assignment of error involves the application of this section to the members of a city council. It is contended that the words "other officer" in the statute, in connection with the references to the "state" or "public" service therein contained, can not be deemed to include mere local officials such as the officers of a municipal corporation. We do not agree with this contention. There is no other provision in the statutes covering cases of this particular character, and it is unreasonable to suppose that the General Assembly, by thus discriminating, has left wide open the door of municipal corruption. True, the statutes contain separate provisions covering the giving or accepting of bribes, or the promise thereof, in the case of jurors, jury commissioners, referees, county seat commissioners, etc.; but the very large and vitally important classes of officials who administer our county, city and village governments seem to be made subject to no other provision of law in this behalf than the section under which this indictment was drawn.

The second assignment of error relates to the sufficiency of the state's evidence to make a *prima facie* case. The main witness for the state, Arthur J. Rowley, of counsel for persons interested in the improvement, testified that the accused, in conversation with him in the fore part of October, represented that he was in favor of said improvement and wanted nothing for himself but the political friendship of the persons interested, but that "so far as some of the others were concerned they would have to be taken care of." And the next day the accused told him further: "I talked that matter over and it will take $1,400."

Frank W. Rockwell, another witness for the state, testified to a conversation which he had with the accused about the same time. He had understood from Amundson, who was chairman of the council committee having the matter in charge, that the pending ordinance would be brought up for passage at the next meeting; but just before the meeting convened he told Rockwell that "he didn't want to bring it up." The witness asked him "Why?" and he replied that the proposition to the city by the corporation interested in the improvement was unsigned. The witness thereupon reminded him that the proposition referred

to had been signed and submitted in June, and should be in possession of the street committee. Amundson then remarked: "Well, there are interests of some of the other members of the council that will have to be fixed up." The witness inquired what interests they had in it, to which the accused answered, "Well, I will bring it up."

We think the testimony of the witnesses Rowley and Rockwell taken together was sufficient to carry the case to the jury as tending to prove that he was soliciting from the corporation above mentioned through the above named witnesses the payment of $1,400, to him for other members of the council, as a condition of his own official action in favor of said improvement. And this is the gist of the offense for which he was indicted and of which he was convicted.

It is claimed, however, that there is such confusion and discrepancy of dates and circumstances in the testimony above quoted and the records of council proceedings as to render it unsufficient for a *prima facie* case. Without entering into a discussion of the question, we are content to say that our examination of the record fails to sustain this claim.

It is said further that Amundson's explanations of his conversations with Rowley afford the only reasonable interpretation thereof, viz., the $1,400 was his estimate of the damages for which the city would become liable to adjacent property owners by reason of the improvement, and which he believed Rowley's client should agree to pay to the city, and that the taking care of other councilmen meant that they should be acquainted by those interested with the facts which rendered the improvement desirable and advantageous to the city. This was properly a question for the jury, and we see no reason for disturbing their verdict in view of all the evidence.

There being no error in the record, the judgment is affirmed.

*Stuart & Stuart, E. F. Voris,* for plaintiff in error.

*H. M. Hagelbarger,* Prosecuting Attorney, and *Chas. E. Grant,* for defendant in error.